**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| AWARE PRODUCTS LLC D/B/A VOYANT BEAUTY, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EPICURE MEDICAL, LLC, et al., )<br>)<br>Defendants. ) | Case No. 4:21-CV-00249 JCH |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Lee Ori's ("Ori" or "Defendant") Motion to Dismiss Party for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Doc. [15]. The matter is fully briefed and ripe for disposition. For the reasons set forth below, Defendant's motion will be denied.

**I.    Factual and Procedural Background**

Taken as true for the purpose of this motion, the facts alleged in the complaint are as follows. Defendant Ori is the principal officer of both Defendant Epicure Medical, LLC ("Epicure") and Defendant Foxhole Medical, LLC ("Foxhole"). On March 26, 2020, during the first days of the COVID-19 pandemic, Ori sent a letter of intent to Plaintiff Aware Products LLC d/b/a Voyant Beauty ("Voyant" or "Plaintiff") on behalf of Foxhole, committing to purchase one million units of two-ounce hand sanitizers from Voyant. The letter of intent caused Voyant to pay out of pocket for materials needed to manufacture the hand sanitizer, including bottles, alcohol, and caps. Also on March 26, 2020, Ori incorporated Epicure. The Foxhole letter of intent was followed by a purchase order, placed by Epicure, for the same amount of hand sanitizer and at the same price as set forth in the letter of intent from Foxhole. Voyant

manufactured the bottles to Ori's specifications, shipped the bottles in satisfaction of both the Foxhole letter of intent and the Epicure purchase order, and sent corresponding invoices.

Between April and June 2020, at Ori's direction, Epicure sent at least four additional purchase orders to Voyant.  Ori used employees from a third company, whose email accounts came from the domain, "athena-as.com," to send some of these purchase orders.  As the outstanding invoices mounted, Voyant, at Ori's direction, communicated about the unpaid invoices with individuals whose email addresses and signature blocks indicated they worked for yet a fourth company, Driftwood Grove.

On June 4, 2020, Ori sent another letter of intent, this time on Epicure letterhead, committing to purchase another 5 million units of two-ounce hand sanitizer bottles.  Voyant again procured the materials and manufactured the finished bottles according to the specifications requested.

In July 2020, Ori advised Voyant that it would not be able to pay the outstanding balances for the hand sanitizer bottles Defendants had ordered and received, because his companies lacked sufficient income or assets to meet the liabilities.  As a consequence of Ori's use of undercapitalized companies in these transactions, Defendants have not paid to Voyant the approximately $6.4 million owed for the hand sanitizer.

On February 16, 2021, Voyant filed this six count Complaint against Epicure, Foxhole, and Ori, bringing claims for breach of contract, account stated, promissory estoppel, and unjust enrichment.  Voyant later filed an amended complaint, bringing the same claims.

In response to the amended complaint, Defendant Ori filed the instant motion to dismiss him from the case, arguing that Plaintiff has failed to allege facts sufficient to support piercing the corporate veil and pursuing claims against Ori on an alter ego theory of liability.

## II. Legal Standard

Defendant has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises . . . thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory," and "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [each element]." *Twombly*, 550 U.S. at 562. The reviewing court must accept the

3

plaintiff's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions that plaintiff draws from the facts alleged.  *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).  A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.  *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

Courts generally consider only the complaint's allegations in determining whether to grant a Rule 12(b)(6) motion, but may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned" without converting a motion to dismiss to one for summary judgment.  *Miller v. Redwood Toxicology Lab, Inc.,* 688 F.3d 928, 931 & n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

**III.   Discussion**

Ori contends that Voyant is unable to establish the required elements for piercing the corporate veil.  To state a claim for piercing the corporate veil under Missouri law, a plaintiff must plead (1)  control and complete domination of policy and business practice with respect to the transaction attacked; (2) defendant used the control to commit fraud or wrong, to perpetrate the violation of a positive legal duty, or to commit a dishonest and unjust act; and (3) that control and breach of duty was the proximate cause of the injury or unjust loss.  *Collet v. Am. Nat'l Stores, Inc.,* 708 S.W.2d 273, 283 (Mo. Ct. App. 1986).  Undercapitalizing an entity "by creating it and then operating it without sufficient supply of money can serve as a proxy" for the second

4

prong of this test, to show that control of the entity was used to "commit fraud or wrong." *A.O.A. v. Rennert*, 350 F. Supp. 3d 818, 838 (E.D. Mo. 2018). *See also May Dep't Stores Co. v. Union Elec. Light & Power Co.*, 107 S.W. 2d 41, 55 (1937) (An "improper purpose" may exist when a corporation operates "without sufficient funds to meet obligations to those who must deal with it.").

Here, the Court finds that Voyant has sufficiently alleged alter ego liability to survive Ori's motion to dismiss. First, Voyant has alleged that Ori, as principal, dominated both Foxhole and Epicure. Plaintiff alleges that "Ori abused the privilege of doing business in the corporate form by treating Foxhole and Epicure as his alter egos and using his companies and their assets interchangeably to suit his short-term profit goals." Doc. [13] at ¶ 49. Voyant further alleges that Ori "inadequately capitalize[d] Foxhole and Epicure," thus "fail[ing] to ensure that Foxhole and Epicure had sufficient income and/or assets to meet their liabilities." *Id*. ¶¶ 55-56. More specifically, Voyant alleges that Ori used Foxhole to send a letter of intent to purchase hand sanitizer, but then switched to using a newly formed company with fewer assets, Epicure, to submit purchase orders for the same hand sanitizer. *Id*. ¶¶ 50-51. Voyant alleges that Ori used his control over Foxhole and Epicure "to evade payment for the goods shipped" by Plaintiff. *Id*. ¶ 59. Voyant further alleges that, because of Ori's actions, it shipped millions of bottles of hand sanitizer for which it was never paid. *Id*. ¶¶ 71-72. Voyant also alleges that Ori admitted, in July 2020, that his companies were undercapitalized and could not pay the outstanding invoices. *Id*. at ¶ 57.

Thus, Voyant sufficiently alleges that Ori had control over Foxhole and Epicure in their dealings with Voyant, that such control was used for an improper purpose, and that it has lost money as a result. At this early stage of these proceedings, these factual pleadings are sufficient

5

under *Twombly* to state a claim for piercing the corporate veil, and they raise the reasonable expectation that discovery will reveal evidence of the claim. Thus, Ori's Motion to Dismiss him as party will be denied. Furthermore, Voyant also brings claims of promissory estoppel and unjust enrichment against Ori, neither of which depend on piercing the corporate veil, and neither of which Ori challenges in his motion, so his dismissal from the action at this stage would be improper in any event.

## IV.     Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ori's Motion to Dismiss Party (Doc. [15]) is **DENIED**.

Dated this 22nd day of October, 2021.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE