**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| AWARE PRODUCTS LLC D/B/A VOYANT BEAUTY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:21-CV-00249 JCH |
| EPICURE MEDICAL, LLC, et al., | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint. Doc. [45]. Defendant filed a Memorandum in Opposition, Doc. [46], to which Plaintiff replied [47], and the motion is fully briefed and ripe for disposition. For the following reasons, the Court will grant Plaintiff's Motion for Leave to File a Second Amended Complaint.

**I.    Background**

The facts alleged in the first amended complaint are as follows. Defendant Lee Ori ("Ori") is the principal officer of both Defendant Epicure Medical, LLC ("Epicure") and Defendant Foxhole Medical, LLC ("Foxhole"). On March 26, 2020, during the first days of the COVID-19 pandemic, Ori sent a letter of intent to Plaintiff Aware Products LLC d/b/a Voyant Beauty ("Voyant" or "Plaintiff") on behalf of Foxhole, committing to purchase one million units of two-ounce hand sanitizers from Voyant. The letter of intent caused Voyant to pay out of pocket for materials needed to manufacture the hand sanitizer, including bottles, alcohol, and caps. Also on March 26, 2020, Ori incorporated Epicure. The Foxhole letter of intent was followed by a purchase order, placed by Epicure, for the same amount of hand sanitizer and at the same price as set forth in the letter of intent from Foxhole. Voyant manufactured the bottles

to Ori's specifications, shipped the bottles in satisfaction of both the Foxhole letter of intent and the Epicure purchase order, and sent corresponding invoices.

Between April and June 2020, at Ori's direction, Epicure sent at least four additional purchase orders to Voyant. Ori used employees from a third company, whose email accounts came from the domain, "athena-as.com," to send some of these purchase orders. As the outstanding invoices mounted, Voyant, at Ori's direction, communicated about the unpaid invoices with individuals whose email addresses and signature blocks indicated they worked for yet a fourth company, Driftwood Grove.

On June 4, 2020, Ori sent another letter of intent, this time on Epicure letterhead, committing to purchase another 5 million units of two-ounce hand sanitizer bottles. Voyant again procured the materials and manufactured the finished bottles according to the specifications requested.

In July 2020, Ori advised Voyant that it would not be able to pay the outstanding balances for the hand sanitizer bottles Defendants had ordered and received, because his companies lacked sufficient income or assets to meet the liabilities. As a consequence of Ori's use of undercapitalized companies in these trancactions, Defendants have not payed to Voyant the approximately $6.4 million owed for the hand sanitizer.

On February 16, 2021, Voyant filed this six count Complaint against Epicure, Foxhole, and Ori, bringing claims for breach of contract, account stated, promissory estoppel, and unjust enrichment. Voyant later filed an amended complaint, bringing the same claims.

Plaintiff now seeks to amend the complaint, explaining that recent discovery has revealed the need to add parties and causes of action. Plaintiff asserts that at a recent deposition of Ori it learned significant new information about certain transfers of funds by Epicure that made clear

2

that certain additional parties and causes of action related to these transfers should be added to this lawsuit. Specifically, Plaintiff seeks to add as parties Ori in his capacity as co-trustee of the Ori Trust; Jaclyn Ori in her capacity as co-trustee of the Ori Trust; Dan Reilly, a manager of Epicure; Sarah Simmers, a managing member of Foxhole; Clover Leaf Strategies, LLC, which, via Dan Reilly, is a beneficial owner of Epicure; PFL Investments, LLC, a member of Epicure; and Neo Health, LLC, of which Ori is a member. Plaintiff alleges that each of the proposed defendants received fraudulent transfers from Epicure Defendants at a time when Epicure owed substantial sums to Plaintiff. Plaintiff seeks leave to assert claims of fraudulent transfer and unjust enrichment against these parties, and seeks leave to add a breach of contract claim against Ori based on his personal guaranty of amounts owed to Plaintiff.

**II.   Discussion**

Federal Rule of Civil Procedure 15(a) "governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'—as defined by the Rule—'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 947-48 (8th Cir. 2012) (citing Fed. R. Civ. P. 15(a)(2)). The Court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision to permit a party to amend its pleadings is left to the broad discretion of the district court. *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993). "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.*

Additionally, because the Third Amended Case Management Order provides that motions to amend the pleadings were due by October 4, 2021, Federal Rule of Civil Procedure 16(b) is implicated as well. Rule 16(b) provides that scheduling orders "may be modified only for good cause and with the judge's consent." The Eight Circuit has held that the Rule 16 "good cause" standard applies where the deadline to amend pleadings has passed. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 714-15 (8th Cir. 2008). The discovery of new evidence constitutes "good cause" for seeking leave to amend at this stage of the proceedings. *See Brown v. Trump*, 2020 WL 6544224, *2 (E.D. Mo. Nov. 6, 2020) (Because the plaintiff represented that he "brought his motion to amend as soon as practicable after finding the new evidence during discovery," plaintiff had demonstrated "good cause.").

Similarly, here Plaintiff asserts that discovery conducted over the course the past several weeks has revealed evidence giving rise to the need to add parties and causes of action. The Court agrees that, for the reasons stated in its briefing of the motion, Plaintiff has demonstrated good cause to amend its complaint.

**IV.   Conclusion**

In conclusion, the Court will grant Plaintiffs' Motion for Leave to File Second Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint is **GRANTED**. Doc. [45].

**IT IS FURTHER ORDERED** that the Clerk's Office shall file Exhibit 1 (Doc. [45-1] to the Motion as the Second Amended Complaint in this matter.

**IT IS FINALLY ORDERED** that the parties Joint Motion for Continuance of the Third Amended Case Management Order (Doc. [48-1]) is granted. A separate Fourth Amended Case Management Order shall issue after consultation with the parties concerning appropriate amended deadlines.

Dated this 9th day of May, 2022.

                                              /s/Jean C. Hamilton
                                              JEAN C. HAMILTON
                                              UNITED STATES DISTRICT JUDGE