# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AWARE PRODUCTS LLC d/b/a VOYANT BEAUTY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:21-CV-00249 SEP |
| EPICURE MEDICAL, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

Before the Court is attorney Fibbens A. Korangteng and the Koranteng Law Firm's Motion to Withdraw as Counsel for all Defendants, in which they seek to withdraw their representation of Defendants Lee Ori, individually; Lee Ori, as co-trustee of the Lee E. Ori and Jaclyn C. Ori Living Trust; Jaclyn C. Ori, as co-trustee of the Lee E. Ori and Jaclyn C. Ori Living Trust; Dan Reilly; Sarah Simmers; Clover Leaf Strategies, LLC; PFL Investments, LLC; Foxhole Medical, LLC; and Neo Health, LLC.  Doc. [86].  For the reasons set forth below, the motion is held in abeyance.

In its motion, counsel states that Mr. Koranteng has accepted employment as General Counsel for a corporation in Texas, and as a condition of that employment, he is prohibited from representing any other clients in pending legal matters.  *Id*. at 1.  Consequently, counsel advises that it is no longer "feasible or practical" for him to continue representing Defendants in this matter.  *Id*. at 2.  Counsel states that Defendants have been notified of counsel's intent to file the instant motion, and that Defendants are seeking replacement counsel.  *Id*. at 1-2.

Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel first enters an appearance for the client.  This rule is especially appropriate where the client is a corporation or other artificial entity that can act only through agents, as such an entity cannot appear pro se and must be represented by counsel.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citing *Osborn v. President of Bank of United States,* 9 Wheat. 738, 829 (1824)).  Additionally, artificial

entities, such as Defendants Clover Leaf Strategies, LLC, PFL Investments, LLC, Foxhole Medical, LLC, and Neo Health, LLC, are subject to entry of a default judgment if they fail to obtain counsel as required by the Court.  *See United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 2014 WL 3805493, at *1 (E.D. Mo. Aug. 1, 2014)  (ordering defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In light of the foregoing, the Court will hold in abeyance counsel's motion and order Defendants to obtain substitute counsel no later than February 29, 2024.  If Defendants fail to obtain substitute counsel within that time, Clover Leaf Strategies, LLC, PFL Investments, LLC, Foxhole Medical, LLC, and Neo Health, LLC could be subject to a default judgment in favor of Plaintiff.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed *pro se*).  Counsel's motion to withdraw from representation will be granted when substitute counsel enters an appearance, or on February 29, 2024, whichever comes first.

Accordingly,

**IT IS HEREBY ORDERED** that Fibbens A. Korangteng and the Koranteng Law Firm's Motion to Withdraw as Counsel for all Defendants, Doc. [86], is **HELD IN ABEYANCE** with respect to the request to withdraw, and the Court imposes a withdrawal notice period until **February 29, 2024**.

**IT IS FURTHER ORDERED** that Defendants shall obtain substitute counsel no later than **February 29, 2024**, and that Defendants substitute counsel, if any, shall file an entry of appearance no later than **February 29, 2024**.

**IT IS FURTHER ORDERED** that on **February 29, 2024**, or upon entry of new counsel for Defendants, whichever comes earlier, the Court will issue an order granting counsel's motion to withdraw from representation of Defendants.

**IT IS FINALLY ORDERED** that the jury trial set in this matter for March 11, 2024, is **VACATED**, with a new trial date to be determined at a later date.

Dated this 24th day of January, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE