UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AWARE PRODUCTS LLC D/B/A VOYANT BEAUTY, <br><br> Plaintiff, <br><br> v. <br><br> EPICURE MEDICAL, LLC, FOXHOLE MEDICAL, LLC, LEE ORI, individually and as co-trustee of the LEE E ORI & JACLYN C ORI LIVING TRUST, JACLYN C. C ORI, as co-trustee of the LEE E ORI & JACLYN C ORI LIVING TRUST, DAN REILLY, SARAH SIMMERS, CLOVER LEAF STRATEGIES, LLC, PFL INVESTMENTS, LLC, and NEO HEALTH, LLC, <br><br> Defendants. | No. 4:21-cv-249-SEP |

## REPLY DECLARATION OF MICHAEL PARTRIDGE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, MICHAEL PARTRIDGE, hereby declare that the following is true and correct to the best of my knowledge under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Head of Operations of Voyant Beauty West for Plaintiff Aware Products LLC d/b/a Voyant Beauty ("Voyant" or "Plaintiff") in California. I submit this reply declaration in further support of Plaintiff's Motion for Summary Judgment.

### A. Epicure Orders Hand Sanitizer from Voyant

2. Voyant accepted requests for its products through letters of intent and purchase orders ("POs"). Letters of intent are used by buyers who commit to buying large quantities of products over time.

1

3.     Between April and June 2020, Epicure sent six purchase orders to Voyant for finished hand sanitizer bottles.

4.     Epicure purchased the sanitizer products on terms that required a 25% deposit with each purchase order, a 50% payment upon shipment of the products, and a 25% payment of the outstanding balance within ten business days of the products' shipment, also referred to as "net 10."

5.     These terms were confirmed in an email I sent on April 9, 2020, before Epicure submitted its first PO. Attached hereto as **Exhibit 1** is a true and correct copy of this email produced in this action as Bates Number AWAREVOYANT_000426-AWAREVOYANT_000427. Epicure never objected to these payment terms.

6.     The payment terms and the related amounts due were referenced on Voyant's pro-forma invoices sent in response to Epicure's POs. Attached hereto as **Exhibit 2** is a true and correct copy of an email thread, dated April 15, 2020, produced in this action as Bates Number AWAREVOYANT_000551- AWAREVOYANT_000555.

7.     Epicure sent payments to Voyant without instructions about whether to apply the payments to POs or open invoices. Voyant applied the payments to deposits for POs issued by Epicure and then to open invoices. *See* ECF No. 104-5 at DEF1646. Neither Lee Ori nor Epicure ever disputed this accounting practice.

8.     In response to the POs, Voyant produced and shipped 2,593,308 units, and issued final invoices to Epicure.

9.     The final invoices, sent to Epicure when the finished products were shipped, also include the payment terms. Attached hereto as **Exhibit 3** is a true and correct copy of an email thread, dated June 2, 2020, produced in this action as Bates Number DEF1593-DEF1597. While

the payment terms on the final invoices did not print out completely, Epicure nevertheless knew the terms applied to the final invoices. *See id.* at DEF1593-DEF1594.

10. Voyant shipped the finished products from its manufacturing facility in California to a previously designated warehouse in California. Epicure acknowledged receipt and was responsible for arranging shipment from the California warehouse to its customers.

**B. June Letter of Intent**

11. On June 4, 2020, Epicure sent Voyant a letter of intent ("June LOI") for a new round of orders.

12. The June LOI provides that Epicure is "committed to of[sic] purchasing 5mm units of 2oz hand sanitizer, monthly, for the next 90 days. This Letter of Intent is intended for you [Voyant] to immediately procure the alcohol and the bottles and caps prior to a formal purchase order." *See* ECF No. 103-2.

13. Voyant communicated its acceptance of the June LOI, prepared to manufacture 5 million units, and proceeded to purchase bottle materials and alcohol.

14. On June 8, 2020, consistent with the June LOI, Epicure submitted a new PO.

15. Epicure failed to make any payments for the goods ordered in the June LOI.

**C. Voyant Urges Epicure to Pick Up and Sell the Hand Sanitizer Bottles**

16. As of June 24, 2020, Epicure amassed a stockpile of 1.4 million units at Voyant's warehouse.

17. Because of Epicure's stockpile of products, on June 24, 2020, Voyant urged Epicure and its principal, Lee Ori, to remove their products because they were taking up space in Voyant's on-site warehouse and requested an update on the status of Epicure's shipping plans. *See* ECF No. 104-41.

18. Between August 2020 and January 2021, Epicure and Lee Ori told me that they continued to try to sell the sanitizer products Epicure had ordered.

19. At no time before the bottles expired did Voyant refuse to release Epicure's sanitizer products. On the contrary, Voyant urged Epicure to sell the bottles at whatever price the market offered.

20. Attached hereto as **Exhibit 4** is a true and correct copy of an email exchange I had with Lee Ori and Dan Reilly on September 8, 2020, and produced in this action as Bates Number DEF0610-DEF0611.

21. In the exchange with Lee Ori and Dan Reilly, I stated, "the 2oz product belongs to you. You can sell it for whatever price you want to sell it. I suggest you take the deal and move the product." *Id.*

22. Despite my urging, Epicure refused to retrieve and sell the bottles.

23. Any suggestion that Epicure failed to sell the bottles because Voyant refused to release them to Epicure is categorically false.

**D. Disposal of Expired Sanitizer Products and Bottle Materials**

24. The hand sanitizer products had a one-year shelf life.

25. By July 2021, all of Epicure's finished sanitizer products had expired.

26. In February 2022, Voyant told Epicure that it planned to dispose of the expired finished sanitizer products and the bottle materials purchased to fulfill the June LOI.

27. Because this litigation was pending at the time, Voyant offered Epicure and Lee Ori an opportunity to inspect the items before they were disposed of.

28. Epicure responded by offering instead to dispose of the bottles and materials itself at its own cost.

29. Voyant declined the offer. As an FDA-regulated business, Voyant needed to ensure proper disposal of the sanitizer products and was concerned that Epicure might try to sell the products unlawfully.

30. On February 23, 2022, Lee Ori and his counsel personally inspected the finished hand sanitizer bottles and bottle materials at the retrieval warehouse.

31. In March 2022, Voyant destroyed the bottles and materials.

32. Neither Ori nor Epicure objected to Voyant's disposal of the bottles and materials.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: July 25, 2024

Michael Partridge
Head of Operations, Voyant Beauty